UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DIABATE AMADOU,<br><br>    Plaintiff,<br><br>    v.<br><br>SUB SAHARA AFRICAN<br>YOUTH & FAMILY,<br>AFRICAN HEALTH ACTION<br>CORPORATION, and<br>MWANYAGETINGE,<br><br>    Defendants. | Civil No. 08-4711 (PJS/SRN)<br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.)  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I. BACKGROUND**

Much of Plaintiff's complaint is simply incomprehensible.  As far as the Court can tell, Plaintiff is attempting to sue three organizations that are supposed to be providing aid or assistance either to people living in Africa, or to people from Africa who are living in the United States.  Plaintiff seems to believe that the three Defendant organizations are not being operated properly, that their financial resources are being misused, and that the officials in charge of these organizations are corrupt.

Plaintiff's complaint does not provide any cogent explanation of how he might be personally connected to any of the Defendant organizations, or how he might have been personally harmed by any of their alleged wrongdoing. The complaint also fails to identify any legal basis for Plaintiff's claims against Defendants. In fact, aside from Plaintiff's anomalous demand for $200,000.00, there is nothing to indicate that Plaintiff is actually attempting to present any personal claim for relief against Defendants. Instead, it appears that he is just generally upset and offended by the manner in which the Defendant organizations are being operated.

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.) "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

In this case, there are no possible grounds for federal subject matter jurisdiction. Subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331, because there are no allegations suggesting that Plaintiff has any actionable claim based on the Constitution, laws or treaties of the United States. Although Plaintiff's complaint does not actually identify the legal theory (if any) on which he is attempting to sue Defendants, he appears to be accusing Defendants of some type of fraud, or misappropriation or misuse of funds. However, those are state common law claims, which

provide no basis for federal subject matter jurisdiction.[1] In any event, the allegations in Plaintiff's complaint clearly do not support any cause of action based on any federal statute, principle or doctrine. Therefore, subject matter jurisdiction cannot exist under § 1331.

It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." In this case, it plainly appears, on the face of the complaint, that Plaintiff and all three Defendants are Minnesota residents, so diversity of citizenship obviously does not exist here.

Thus, the Court concludes that federal subject matter jurisdiction does not exist in this case under either the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application to proceed in forma pauperis, (Docket No. 3), be **DENIED**; and

---

[1] The Court does not mean to suggest that Plaintiff has actually pleaded any actionable state common law claim. To the contrary, the allegations in the current complaint do not appear to be sufficient to support any cause of action, nor do those allegations show that Plaintiff has standing to bring any claim against the named Defendants.

    2.  This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: July 18, 2008

                                                      s/ Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by  August 4, 2008  a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.